UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 23-3037

———————————

UNITED STATES OF AMERICA,                    Appellee,

v.

MARK SAMI IBRAHIM,                            Appellant.

## MOTION TO DISMISS INTERLOCUTORY APPEAL FOR LACK OF JURISDICTION

Appellant Mark Sami Ibrahim is currently awaiting trial on charges related to his participation in the January 6, 2021, attack on the United States Capitol (see Indictment (ECF No. 7)). As relevant here, Ibrahim filed two motions to dismiss Count 3 of the Indictment (ECF Nos. 48, 61), which charges him with carrying a firearm on Capitol grounds in violation of 40 U.S.C. § 5104(e)(1)(A)(i) (Indictment (ECF No. 7) at 2). The district court denied Ibrahim's motions in an oral ruling on March 3, 2023 (see 3/3/23 Minute Order). On March 16, 2023, Ibrahim noticed the instant appeal of that ruling (ECF No. 78).

Ibrahim's interlocutory appeal should be dismissed for lack of jurisdiction. "Under the final-judgment rule" embodied in 28 U.S.C.

§ 1291, courts of appeals "ordinarily do not have jurisdiction to hear a defendant's appeal in a criminal case prior to conviction and sentencing." *United States v. Andrews*, 146 F.3d 933, 936 (D.C. Cir. 1998). This rule applies to appeals from the denial of motions to dismiss an indictment. *See, e.g.*, *Parr v. United States*, 351 U.S. 513, 515-16 (1956); *United States v. Brizendine*, 659 F.2d 215, 226 (D.C. Cir. 1981). Except for a narrow double jeopardy exception not applicable here, *see generally Andrews*, 146 F.3d at 936-37, "the denial of a motion to dismiss an indictment is not a final order and generally is not appealable." *United States v. Pi*, 174 F.3d 745, 747 (6th Cir. 1999); *see United States v. MacDonald*, 435 U.S. 850, 852 (1978) ("the denial of a pretrial motion in a criminal case generally is not appealable"); *Abney v. United States*, 431 U.S. 651, 663 (1977) (holding that the court of appeals lacked jurisdiction over the appeal from an order denying a motion to dismiss an indictment for failure to state an offense).

Ibrahim's interlocutory appeal from the district court's denial of his motions to dismiss Count 3 falls within that well-established rule. In his first motion to dismiss, Ibrahim argued that Section 5104(e)(1)(A)(i) is unconstitutional and that, even if not, the Indictment improperly failed

2

to contain a mens rea element (ECF No. 48). In his second motion to dismiss, Ibrahim argued that, because he was employed as an agent with the Drug Enforcement Agency on January 6, 2021, he was authorized by regulations promulgated by the Capitol Police Board to carry a firearm on Capitol grounds (ECF No. 61). Neither of these arguments implicates the Double Jeopardy Clause or any other "right[ ] to avoid trial altogether." *United States v. Hsia*, 176 F.3d 517, 526 (D.C. Cir. 1999); *see Will v. Hallock*, 546 U.S. 345, 353 (2006) ("it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later"). Nor is the district court's order denying Ibrahim's motions to dismiss effectively unreviewable on appeal from a final judgment. *See Hsia*, 176 F.3d at 526 (discussing collateral-order doctrine). Ibrahim "stands in no different position than any other criminal defendant who loses a pretrial motion attacking an indictment on the ground that the underlying criminal statute is unconstitutional. The district court's order in such a case . . . would be fully reviewable on appeal should the defendant be convicted." *United*

3

*States v. Cisneros*, 169 F.3d 763, 768-69 (D.C. Cir. 1999). Accordingly, this appeal should be dismissed.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney

        CHRISELLEN R. KOLB
        Assistant United States Attorney

        /s/
        DANIEL J. LENERZ
        D.C. Bar 888283905
        Assistant United States Attorney
        601 D Street, NW, Room 6.232
        Washington, D.C. 20530
        Daniel.Lenerz@usdoj.gov
        (202) 252-6829

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Marina Medvin, Esq., MEDVIN LAW PLC, 916 Prince Street NW, Suite 1019, Alexandria, VA 22314, on this 27th day of March, 2023.

/s/
DANIEL J. LENERZ
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE WITH RULE 27(D)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 27(d)(2)(A) that the foregoing motion contains 569 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion was prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
DANIEL J. LENERZ
Assistant United States Attorney
